**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**BOBBY RAY HATTON**                                                    **PETITIONER**
**ADC #129270**

**VS.**                      **CASE NO.: 5:12CV00291 JLH/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                         **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.      Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge J. Leon Holmes.  Any party may file written objections to this

Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United

States District Court Clerk within fourteen (14) days of this Recommendation.  A copy

will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capital Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.     Background

Bobby Ray Hatton was convicted of second-degree domestic battery in the presence of a child and first-degree terroristic threatening by a Pulaski County Circuit Court in case number CR 2008-3621.  On the same day the circuit court held Mr. Hatton's sentencing hearing in CR 2008-3621, it also held revocation hearings in two separate cases, CR 2004-2016 and CR 2007-267.  (#15-4 at p. 1)  The court revoked Mr. Hatton's probation in both cases and entered three judgment and commitment orders. (#15-1, #15-2, #15-3, #15-4 at p. 1)

Mr. Hatton's attorney, Jonathan T. Lane, filed separate notices of appeal for each case, and the Arkansas Court of Appeals consolidated the cases.  (#15-4 at p. 2)  Mr. Lane filed an appellate brief under *Anders v. Calif.*, 386 U.S. 738 (1967) and Arkansas Supreme Court Rule 4-3(k)(1), seeking to withdraw as counsel, asserting that there were no meritorious grounds for reversal in case no. CR 2008-3621.

Mr. Hatton filed a *pro se* brief alleging 19 points for reversal in the following areas:  (1) illegal arrest; (2) amendment of felony information; (3) ineffective counsel; (4) insufficient evidence on the domestic battering conviction; (5) invalid jury waiver; (6) sentencing; (7) request to supplement record; and (8) various other claims.

2

On February 2, 2011, the Court of Appeals denied Mr. Lane's motion to withdraw, without prejudice, and ordered him to re-brief the case because he had failed to address Mr. Hatton's probation revocation cases.  (#15-4 at p. 2)  Mr. Lane timely filed a substituted brief under *Anders* and Rule 4-3(k)(1), again seeking to withdraw as counsel on the basis that there were no meritorious grounds for reversal.  Mr. Hatton again filed a *pro se* brief alleging four additional points for reversal including:  (1) double jeopardy; (2) ineffective counsel; (3) prosecutorial misconduct; and (4) vindictive prosecution.

In an opinion delivered September 14, 2011, the Court of Appeals agreed that the appeal was without merit, granted Mr. Lane's motion to withdraw, and affirmed the judgment in case no CR 2008-3621 and the judgments in the two revocation cases. *Hatton v. State*, 2011 Ark. App. 517 (2011).  In arriving at its decision, the Court of Appeals reviewed all of Mr. Hatton's points for reversal and found the points were, "either adequately covered by counsel's brief, not preserved for appeal, or state no legal grounds for reversal on appeal." *Id*.

Mr. Hatton filed a timely pro se motion for post-conviction relief with the circuit court under Arkansas Rule of Criminal Procedure 37 that encompassed all three cases.  In the petition, he alleged ineffective assistance of counsel on several grounds.  On January 12, 2012, the Circuit Court denied Mr. Hatton's petition, holding that he had not demonstrated ineffective assistance of counsel or established that he was entitled to relief on any other basis.  (#15-6)

Mr. Hatton appealed the Circuit Court's decision denying relief on his Rule 37 petition. *Hatton v. State*, 2012 Ark. 286 at 1.  The Arkansas Supreme Court dismissed Mr. Hatton's appeal for lack of jurisdiction because Mr. Hatton had failed to file a *verified* petition with the circuit court as required under Arkansas Rule of Criminal Procedure 37.  *Id*. at 3.

Here, Mr. Hatton raises the following claims in his petition:  (1) double jeopardy; (2) ineffective assistance of counsel; (3) insufficiency of the evidence; (4) prosecutorial misconduct; (5) invalid warrant and arrest; and (6) vindictive prosecution.  Mr. Hobbs responds that all of Mr. Hatton's claims are procedurally defaulted because the issues were not properly raised with the state courts.

In reviewing the petition, the Court must determine whether a state court decision was contrary to, or involved an unreasonable application of, clearly established federal law or if it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *Garrison v. Burt*, 637 F.3d 849, 853 (8th Cir. 2011) (quoting 28 U.S.C. § 2254(d)).  The Court must presume the state court's factual findings are correct, and it is Mr. Hatton's burden to rebut this presumption by clear and convincing evidence.  *Id*. (citations omitted).

## III.    Procedural Default

The Court generally will not review a habeas claim that a state court has refused to consider due to a petitioner's failure to follow firmly established and regularly followed

state procedural rules for presenting it. *Hunt v. Houston*, 563 F.3d 695, 703 (8th Cir.

2009), cert. denied, —— U.S. ——, 130 S.Ct. 1055 (2010); see *House*, 547 U.S. 518, 522

(2006) ("Out of respect for the finality of state-court judgments, federal habeas courts, as

a general rule, are closed to claims that state courts would consider defaulted."); *Cagle v.*

*Norris*, 474 F.3d 1090, 1098–99 (8th Cir.2007) (where Arkansas Supreme Court declined

to reach merits of a state post-conviction claim that should have been presented on direct

appeal, claim was procedurally barred from federal habeas review under independent and

adequate state law grounds).  For the reasons explained below, all of Mr. Hatton's claims

are procedurally defaulted.

### *Double Jeopardy*

Mr. Hatton complains that the trial court erred by sentencing him twice for

aggravated assault in case number CR-2004-2016 and for domestic battery in case

number CR-2007-267.  He claims this constitutes a violation of the double jeopardy

clause of the Fifth Amendment.  This argument was raised by Mr. Hatton for the first

time in a *pro se* point for appeal submitted on direct appeal to the Arkansas Court of

Appeals.  The State responded to the claim arguing that the double jeopardy argument

could not be considered on appeal because it was never raised with the trial court.  The

Court of Appeals declined to address each of Mr. Hatton's twenty-three *pro se* points on

appeal, but affirmed his conviction, noting that his claims were, "either adequately

covered by counsel's brief, not preserved for appeal, or state no legal grounds for reversal

on appeal." *Hatton v. State*, 2011 Ark. App. 517 (2011).  Mr. Hatton did not seek review from the Arkansas Supreme Court.

The Court has reviewed the abstract of the trial court proceedings, and it reflects that neither Mr. Hatton nor his attorney complained to the trial court that sentencing him in the revocation cases violated the double jeopardy clause.[1]  The Court of Appeals routinely follows its firmly established rule of dismissing arguments not preserved for appeal.  See *Davis v. State*, 368 Ark. 401, 409 (2007) (issues raised, including constitutional issues, must be presented to the circuit court in order to be preserved for appeal (citing *Standridge v. State*, 357 Ark. 105 (2004)).  Accordingly, Mr. Hatton's double jeopardy claim is procedurally defaulted unless he can establish cause and prejudice or actual innocence.

In any event, Mr. Hatton's double jeopardy argument has been rejected by the United States Supreme Court.  In *United States v. DiFrancesco*, 449 U.S. 117, 137, 101 S.Ct. 426, 437 (1980), the Supreme Court ruled that there is no double jeopardy protection against revocation of probation and the imposition of imprisonment. Accordingly, the Arkansas Court of Appeals's opinion denying relief is neither "contrary to" federal law as set out by the United States Supreme Court nor "objectively unreasonable."

---

[1]Mr. Hatton acknowledges that "there were not trial errors preserved" for appeal, but points to his trial counsel's failure to file any motions or make objections as the cause. (#8 at p. 2)

6

### *Ineffective Assistance of Counsel*

Mr. Hatton brought a timely petition under Rule 37 of the Arkansas Rules of Criminal Procedure alleging that his trial counsel was ineffective on several grounds. The circuit court entered an order denying relief.  Mr. Hatton appealed the circuit court's decision, and the Arkansas Supreme Court ruled that it lacked jurisdiction to review claims of ineffective assistance of counsel because the claims were not raised in a *verified* petition, which is required by Arkansas Rule of Criminal Procedure 37.1(d).

Mr. Hatton does not challenge that the Arkansas Supreme Court regularly dismisses unverified Rule 37 petitions for lack of jurisdiction.  Consequently, his ineffective assistance of counsel claims are procedurally defaulted unless he can establish cause and prejudice or actual innocence.

### *Sufficiency of the Evidence*

Mr. Hatton claims there was insufficient evidence to convict him of  second-degree domestic battery in case number CR 2008-3621, because the "'alleged' weapon [was] never . . . found" or identified.  (#2 at p. 8)  This claim is procedurally defaulted because it was not raised with the state courts.

At trial, Mr. Hatton's counsel moved for directed verdict only on the terroristic threatening charge, not on the domestic battery charge.  The circuit court denied the motion.

On direct appeal, Mr. Hatton argued that there was insufficient evidence to support his conviction for domestic battery because the state had never produced a "deadly weapon" at trial as required by Arkansas Code Annotated § 5-26-304.  (#21-2 at p. 7)  The state responded to the claim, arguing that the claim could not be considered on appeal because Mr. Hatton had not moved for directed verdict on the domestic battery charge at trial.  (#21-1 at p. 14)  Alternatively, the state argued there was sufficient evidence to support the conviction.

The Court of Appeals did not address the merits of the sufficiency of the evidence claim but affirmed following its established and regularly followed rule rejecting claims that were not raised with the trial court.  *Hatton*, 2011 Ark. at *2.   Accordingly, the sufficiency of the evidence claim raised here is procedurally defaulted unless Mr. Hatton can establish cause and prejudice or actual innocence.

### *Prosecutorial Misconduct*

Mr. Hatton complains that the prosecutor failed to disclose evidence favorable to him and that the prosecutor was in a romantic relationship with defense counsel and should have withdrawn from the case.  This argument was raised by Mr. Hatton in a *pro se* point on direct appeal.  The State responded, arguing that the prosecutorial misconduct claim could not be considered on appeal because it had not been raised with the circuit court.

The Court has reviewed the abstract of the circuit court proceedings, and it reflects that neither Mr. Hatton nor his attorney complained of prosecutorial misconduct before the trial court.  Accordingly, the Court of Appeals dismissed the claim under its regularly followed rule dismissing claims not preserved for appeal.

### *Invalid Arrest Warrant*

Mr. Hatton complains that the arrest warrant was invalid because there was a lack of probable cause, that the affidavit was unsigned, and that the warrant was signed by the clerk, who was a relative of the detective and not a judge.  Mr. Hatton claims that, as a result, "any process arising from that arrest and subsequently any sentence from that process" would be "illegal."  (#8 at p. 4)

This claim is procedurally defaulted.  Mr. Hatton never raised this claim with the trial court.  As noted, a habeas petitioner must first present the facts and substance of his federal constitutional claim to the state court.  *Middleton*, 455 F.3d at 855.  Mr. Hatton failed to present this federal constitutional claim to the circuit court, and the Court of Appeals did not address the merits of the claim because it had not been preserved for appeal. *Id.*

Mr. Hatton's arrest claim is also barred under *Stone v. Powell*, 428 U.S. 465 (1976).  In *Stone*, the United States Supreme Court held that, where a state prisoner has been afforded an opportunity to fully and fairly litigate a Fourth Amendment claim, he will not be granted federal habeas corpus relief on the ground that evidence obtained in an

unconstitutional search or seizure was introduced at his trial.  *Stone*, 428 U.S. at 494.  The

Eighth Circuit applies *Stone* in cases where petitioners challenge their arrests.  See

*Carlson v. State of Minnesota*, 945 F.2d 1026 (8th Cir. 1991) (relying on *Stone* to reject

petitioner's challenge that his arrest lacked probable cause); *Gregory v. Wyrick*, 730 F.2d

542 (8th Cir. 1984) (same).

A Fourth Amendment claim is deemed fully and fairly litigated only if:  (1) the

claim was actually heard in the state court; or (2) the state provided no procedure by

which the petitioner could raise his or her Fourth Amendment claim, or (3) the petitioner

was foreclosed from using that procedure because of an unconscionable breakdown in the

system.  See *Chavez v. Weber*, 497 F.3d 796, 802 (8th Cir. 2007) (citing *Willett v.

Lockhart*, 37 F.3d 1265, 1271–72 (8th Cir. 1994)).

In this case, the Fourth Amendment claim was not actually litigated, but Arkansas

courts provided Mr. Hatton with the opportunity to file a motion to suppress under

Arkansas Rule of Criminal Procedure 16.2 and to appeal his conviction.  Mr. Hatton did

not raise this issue in a pre-trial motion.  To the extent he raised the issue in his direct

appeal, the claim was rejected by the Court of Appeals.  Accordingly, the claim cannot be

heard in this federal habeas case.

### *Vindictive prosecution*

Mr. Hatton claims that his due process rights were violated when the State added

an enhancement to his sentence after he refused a plea offer.  The Arkansas Court of

Appeals, however, never addressed the merits of this claim because the Mr. Hatton failed to preserve the issue for appeal by objecting at trial.[2]  See *McDonald*, 364 Ark. at 496 (citing *Standridge v. State*, 357 Ark. 105, 161 S.W.3d 815 (2004)).  Accordingly, the claim is procedurally defaulted unless Mr. Hatton can establish cause and prejudice or actual innocence.

### Exceptions to Procedural Default

Mr. Hatton's procedural defaults will be excused if he can demonstrate:  (1) the cause and prejudice exception; or (2) the "actual innocence" exception.  To establish "cause," a petitioner must "show some objective factor external to the defense" that impeded his ability to comply with state procedures.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

In his brief, Mr. Hatton contends that his trial counsel's failure to file any pretrial motions and his failure to object to evidence presented at trial prevented him from pursuing his claims on appeal.  (#8 at pp. 2, 7)  It is true that ineffective assistance of trial or appellate counsel may be "cause" excusing a procedural default.  *Williams v. Kemna*, 311 F.3d 895, 897 (8th Cir. 2002) (citing *Murray*, 477 U.S. 491–92).  But to rely on ineffective assistance as cause excusing a procedural default, Mr. Hatton must have

---

[2]Mr. Hatton acknowledges that his claim of vindictive prosecution was never raised with the circuit court but blames his trial counsel for failing to object.  (#8 at p. 3)

properly raised the ineffectiveness claim in state court.  *Id*. (citing *Edwards v. Carpenter*, 529 U.S. 446, 450–53, 120 S.Ct. 1587 (2000)).

Here Mr. Hatton attempted to raise his ineffective assistance of counsel claims with the state court, but he did not raise them in a properly verified complaint.  As a result, he cannot rely on ineffective assistance as cause to excuse his procedural default. Because Mr. Hatton has not established a basis for a finding of cause for his default, there is no reason to address whether there was prejudice.  *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011).

To establish actual innocence resulting in a miscarriage of justice, Mr. Hatton must show, based on new evidence, that a constitutional violation caused the conviction of someone who is actually innocent.  *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996). This exception is concerned only with claims of actual innocence, as opposed to legal innocence.  *Id*.  A claim of actual innocence requires that a petitioner "support his allegation of constitutional error with new reliable evidence."  *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995)).

Actual innocence can be established by a credible declaration of guilt by another, a trustworthy eyewitness account, or exculpatory scientific evidence.  *Id*.  Mr. Hatton has not come forward with any evidence of actual innocence to overcome his procedural default.

**IV.     Certificate of Appealability**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  A certificate of appealability may issue only if Mr. Hatton has made a substantial showing that he was denied a constitutional right.  28 U.S.C. § 2253 (c)(1)-(2).  In this case, Mr. Hatton has not provided a basis for the Court to issue a certificate of appealability.

**V.     Conclusion**

The Court recommends that Bobby Ray Hatton's petition for writ of habeas corpus (#1) be DISMISSED with prejudice because the claims raised in the petition are procedurally defaulted and he has not demonstrate either cause and prejudice or actual innocence so as to excuse the default.  The Court further recommends that no certificate of appealability be issued.

DATED this 10th day of April, 2013.

_____
UNITED STATES MAGISTRATE JUDGE