**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BOBBY RAY HATTON                                                                                   PETITIONER
ADC #129270

v.                                               No. 5:12CV00291 JLH-BD

RAY HOBBS, Director,
Arkansas Department of Correction                                                      RESPONDENT

**OPINION AND ORDER**

United States Magistrate Judge Beth Deere has recommended that Bobby Ray Hatton's 28 U.S.C. § 2254 petition for a writ of habeas corpus be dismissed with prejudice and that no certificate of appealability should issue. In response, Hatton concedes that all of his claims, with the exception of his double jeopardy claim, are procedurally defaulted because he failed to verify his Rule 37 petition in state court. *See* Document #24, at 14. Given this concession, and upon *de novo* review of the record, the Court adopts Judge Deere's recommended disposition as its own. The Court writes separately to address Hatton's objection concerning double jeopardy.

On June 8, 2009, Hatton was sentenced to a total of 228 months imprisonment by the Circuit Court of Pulaski County, Arkansas, for terroristic threatening and for domestic battery in the presence of a child. Document #15-1. On that same day, the circuit court revoked Hatton's probation from two prior convictions—for domestic battery and for aggravated assault—and sentenced him to an additional 144 months in jail for those crimes.[1] Documents #15-2, #15-3.

According to Hatton, Judge Deere understood him to be arguing that the circuit court violated

---

[1] A handwritten note on the Judgment and Commitment Order, Document #15-1, at 2, seems to indicate that the 228 months and the 144 months are to run concurrently with each other. In ruling on Hatton's Rule 37 petition, the circuit judge confirms this by writing that Hatton "was sentenced to an aggregate of nineteen years imprisonment in all cases," Document #15-6, at 1, which equals 228 months. The sentences imposed for the two probation revocations, therefore, did not add to Hatton's term of imprisonment.

the Double Jeopardy Clause by revoking his probation and imposing a prison sentence for the same conduct.  That argument, Judge Deere correctly observed, has been rejected by the United States Supreme Court.  *See United States v. DiFrancesco*, 449 U.S. 117, 137, 101 S. Ct. 426, 437, 66 L. Ed. 2d 328 (1980) ("[T]here is no double jeopardy protection against revocation of probation and the imposition of imprisonment.").  Hatton contends, however, that Judge Deere misunderstood his double jeopardy argument.

Hatton's actual double jeopardy argument is that when the circuit court revoked his probation in June of 2009, his probation had already been revoked one year earlier, when a twenty-four-month sentence was imposed.  *See* Document #24, at 3-5.  The subsequent revocation thus violated the prohibition against double jeopardy, he asserts, because he was being punished twice for the same offense.  *See United States v. Bennett*, 561 F.3d 799, 802 (8th Cir. 2009) (noting that double jeopardy "protection applies both to successive punishments and to successive prosecutions for the same criminal offense") (citation omitted).

Assuming, without deciding, that Hatton's argument is correct, he still must show that his double jeopardy claim was not subject to procedural default.  The "doctrine of procedural default holds that a state prisoner's default of his federal claims in state court pursuant to an independent and adequate state procedural rule bars federal habeas review of those claims."  *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1937, 185 L. Ed. 2d 1019 (2013) (Scalia, J., dissenting) (internal marks and citation omitted).  Failure to present a double jeopardy claim to a state court in accordance with state procedural rules constitutes procedural default.  *Wallace v. Lockhart*, 12 F.3d 823, 825 (8th Cir. 1994).  Hatton did not raise his double jeopardy argument when he was sentenced, so on direct appeal the Arkansas Court of Appeals held that the argument was not preserved for review.  *See*

*Hatton v. State*, 2011 Ark. App. 517, at *2 (2011) (" [A]ll of [Hatton's] points are either adequately covered by counsel's brief, *not preserved for appeal*, or state no legal ground for reversal on appeal." (emphasis added)).[2] Judge Deere, relying on the Arkansas Court of Appeals and her own thorough review of the record, found that Hatton procedurally defaulted his double jeopardy claim because it was raised it for the first time on direct appeal. *See* Document #23, at 6 ("The Court has reviewed the abstract of the trial court proceedings, and it reflects that neither Mr. Hatton nor his attorney complained to the trial court that sentencing him in the revocation cases violated the double jeopardy clause.").

In his objection to Judge Deere's recommended disposition, Hatton argues that the constitutional protection against double jeopardy is so fundamental that it does not need to be preserved at trial. As a matter of state law, Hatton is partially correct. The Arkansas Supreme Court held in *Rowbottom v. State* that a defendant "can raise his double-jeopardy claim for the first time in his Rule 37 petition" because "double-jeopardy protection is a fundamental right." 341 Ark. 33, 37, 13 S.W.3d 904, 906-07 (2000). With respect to direct appeal, however, Hatton is incorrect. One week after issuing the opinion in *Rowbottom*, the Arkansas Supreme Court held in *State v. Montague* "that when the argument of double jeopardy was not raised below, we cannot consider that argument on direct appeal." 341 Ark. 144, 147, 14 S.W.3d 867, 869 (2000).

After his convictions and sentences were affirmed on direct appeal, Hatton filed a Rule 37 petition in the circuit court, which denied the petition on the merits. *See* Document #15-6. Hatton appealed to the Supreme Court of Arkansas, which held that the petition did not confer jurisdiction on the trial court because it was not verified as required by Rule 37.1(c). *See Hatton v. State*, 2012

---

[2] Judge Deere correctly notes that Hatton admitted in the brief supporting his writ petition that "[t]here were no trial errors preserved." *See* Document #8, at 2.

Ark. 286 (2012). The Supreme Court therefore dismissed Hatton's appeal for lack of jurisdiction. *Id*.

The upshot is that, although Hatton was entitled to raise his double jeopardy claim in a Rule 37 petition, he did not follow the procedures for properly filing such a petition, which means, in effect, that he never filed a Rule 37 petition. *Cf. Nelson v. Norris*, 618 F.3d 886, 889 (8th Cir. 2010).

A state prisoner who fails to meet state procedural requirements forfeits his right to present his federal claim in a federal habeas proceeding unless he can meet strict cause and prejudice or actual innocence standards. *Collier v. Norris*, 485 F. 3d 415, 425 (8th Cir. 2007). Judge Deere found that Hatton could not establish cause for his procedural default or that he is actually innocent, and Hatton has not objected to her findings on those issues. In any event, the Court agrees with Judge Deere that Hatton has failed to show cause for his procedural default and that he has failed to show that he is actually innocent. Thus, even if Judge Deere misconstrued Hatton's double jeopardy argument, and even if Hatton's failure to raise that argument at sentencing did not bar him from raising that argument in a Rule 37 petition, his habeas petition still must be denied. Like the rest of his claims, Hatton's double jeopardy argument is procedurally defaulted inasmuch as the Supreme Court of Arkansas dismissed Hatton's Rule 37 petition because it was not verified.

Hatton's habeas petition will be dismissed with prejudice. No certificate of appealability will be issued.

IT IS SO ORDERED this 25th day of July, 2013.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE